UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL EQUELS, | ) | 1:09-CV-00630 AWI GSA HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATION |
| | ) | REGARDING PETITION FOR WRIT OF |
| v. | ) | HABEAS CORPUS |
| | ) | |
| MICHAEL MARTEL, et al., | ) | |
| | ) | |
| Respondents. | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of mandamus pursuant to 28 U.S.C. § 1361.

On April 10, 2009, Petitioner filed the instant petition for writ of mandamus in this Court. Petitioner complains that the California Department of Corrections and Rehabilitation has wrongfully charged him for notarial services in violation of Supreme Court precedent set forth in Bounds v. Smith, 430 U.S. 817 (1977).

The federal mandamus statute provides: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.  Mandamus relief is only available to compel an officer of the United States to perform a duty if (1) the plaintiff's claim is clear and certain; (2) the duty of the officer "is ministerial and so plainly prescribed as to be free from doubt," Tagupa v. East-West Center, Inc., 642 F.2d 1127, 1129 (9th Cir.1981) (*quoting* Jarrett

v. Resor, 426 F.2d 213, 216 (9th Cir.1970)); and (3) no other adequate remedy is available. Piledrivers' Local Union No. 2375 v. Smith, 695 F.2d 390, 392 (9th Cir.1982).

      Mandamus relief is not available in this case because Respondent is not an officer, employee or agency of the United States. The Court notes that Petitioner is complaining of certain actions by Respondent involving the charging of fees for notarial services. Petitioner is challenging the conditions of his confinement. A civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of his confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser v. Rodriguez, 411 U.S. 475, 499 (1973); Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases. Therefore, to the extent Petitioner seeks relief for his complaints, the proper avenue is a civil rights complaint.

**RECOMMENDATION**

      Accordingly, the Court RECOMMENDS that the petition for writ of mandamus be DISMISSED for lack of jurisdiction. The Court further RECOMMENDS that the Clerk of Court be DIRECTED to send Petitioner the standard form for claims pursuant to 42 U.S.C. § 1983.

      This Findings and Recommendation is submitted to the assigned District Judge pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within fourteen (14) days after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   April 26, 2010          /s/ Gary S. Austin
                                                  UNITED STATES MAGISTRATE JUDGE